No. 23-8045

# United States Court of Appeals for the Third Circuit

---

IN RE: LTL MANAGEMENT, LLC,
*Debtor*,

---

LTL MANAGEMENT LLC AND
THE AD HOC COMMITTEE OF SUPPORTING COUNSEL,
*Appellants,*

v.

ARNOLD & ITKIN LLP ON BEHALF OF
TALC PERSONAL INJURY CLAIMANTS
WHO ARE REPRESENTED BY ARNOLD & ITKIN LLP
*Appellee.*

---

On Petition for Direct Appeal from the United States Bankruptcy Court
for the District of New Jersey, Chapter 11 No. 23-12825

---

**APPELLEE ARNOLD & ITKIN LLP'S RESPONSE TO
JOINT PETITION FOR AUTHORIZATION OF DIRECT APPEAL**

---

| | |
|---|---|
| Laura Davis Jones | David C. Frederick |
| Isaac M. Pachulski | Gregory G. Rapawy |
| Colin R. Robinson | Ariela M. Migdal |
| Peter J. Keane | Alex P. Treiger |
| PACHULSKI STANG ZIEHL & JONES LLP | KELLOGG, HANSEN, TODD, |
| 919 N. Market Street, 17th Floor |   FIGEL & FREDERICK, P.L.L.C. |
| Wilmington, DE 19801 | 1615 M Street, N.W., Suite 400 |
| Telephone: (302) 652-4100 | Washington, D.C. 20036 |
| ljones@pszjlaw.com | Telephone: (202) 326-7900 |
| ipachulski@pszjlaw.com | dfrederick@kellogghansen.com |
| crobinson@pszjlaw.com | grapawy@kellogghansen.com |
| pkeane@pszjlaw.com | amigdal@kellogghansen.com |
| | atreiger@kellogghansen.com |

*Counsel for Appellee Arnold & Itkin LLP*

October 16, 2023

# **DISCLOSURE STATEMENT**

Under Federal Rule of Appellate Procedure 26.1 and 3rd Cir. L.A.R. 26.1.0, undersigned counsel provides the following information:

1.  The full name of every party that the attorney represents in the case: The law firm of Arnold & Itkin LLP, on behalf of the thousands of talc personal injury claimants it represents.

2.  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the bankruptcy court, in the district court, or before an administrative agency) or are expected to appear for the party in this Court:  Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.; Pachulski Stang Ziehl & Jones LLP.

3.  Identify all parent corporations, if any, of the party, and any publicly held company that owns 10% or more of the party's stock:  Appellee has no parent corporation and has issued no stock.

4.  Debtor information required by Federal Rule of Appellate Procedure 26.1(c)(1) and (2):  Johnson & Johnson is the ultimate parent company of the Debtor, Appellant LTL Management LLC.

October 16, 2023                              */s/ David C. Frederick*
                                              David C. Frederick

## RESPONSE TO PETITION

Many characterizations in the Joint Petition filed by Johnson & Johnson ("J&J") subsidiary Legacy Talc Litigation Management LLC ("LTL") and the Ad Hoc Committee of Supporting Counsel ("AHC") are incorrect. Nevertheless, this case is appropriate for direct appeal.

This appeal arises from LTL's second attempt to misuse the bankruptcy system to thwart plaintiffs whose ovarian cancer or mesothelioma resulted from their use of J&J's talc-based baby powder products. Courts have found that those products contained asbestos—a fact J&J hid for decades. *See Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 715-17 (Mo. Ct. App. 2020), *cert. denied*, 141 S. Ct. 2716 (2021). J&J is among the world's most successful companies, with a market capitalization of more than $400 billion and an AAA credit rating. *See In re LTL Mgmt., LLC*, 64 F.4th 84, 106 (3d Cir. 2023) ("*LTL I*"). In each of 2020 and 2021, J&J distributed more than $13 billion to shareholders. *See id.* LTL is a company that J&J created in 2021 "whose employees are all J&J employees." *Id.* at 109. It is "a shell company 'formed,' almost exclusively, 'to manage and defend thousands of talc-related claims' while insulating" its multi-billion dollar consumer health business and other assets of LTL's predecessor ("Old Consumer") that were transferred to a second newly-formed corporation ("New Consumer") when Old

Consumer's talc liabilities were transferred to LTL. *Id.*[1] LTL was formed to file for bankruptcy and use Chapter 11 to resolve J&J's talc liabilities, as well as those of Old Consumer. J&J itself was a defendant in the talc personal injury suits filed against Old Consumer. *See id.* at 94 (referring to ovarian cancer and mesothelioma actions "pending against Old Consumer and J&J when LTL filed its Chapter 11 petition").

Appellee represents thousands of women who developed ovarian cancer after using J&J's talc-based baby powder products and have sued or plan to sue J&J and its affiliates. Many women, including many that Appellee represents, have died of cancer, and their estates now prosecute their claims.

LTL filed for Chapter 11 bankruptcy two days after its formation. In January 2023, this Court reversed the bankruptcy court's denial of multiple motions to dismiss LTL's bankruptcy, holding that LTL's bankruptcy was not filed in good faith and remanding with instructions for dismissal. *See id.* at 111. In doing so, this Court held that LTL's bankruptcy did not serve a valid bankruptcy purpose supporting good faith because LTL did not face financial distress. *Id.* at 110. The Court did not reach the alternative basis for the motions to dismiss that

---

[1] As noted in the Joint Petition (at 8), the consumer health business of Old Consumer that was transferred to New Consumer was later transferred to another J&J subsidiary in a transaction that resulted in the creation of a new publicly traded corporation.

LTL's petition was filed merely to obtain a tactical litigation advantage, but did observe that "it is clear LTL's bankruptcy filing aimed to beat back talc litigation in trial courts," which, coupled with the lack of financial distress, raised "the specter of 'abuse which must be guarded against to protect the integrity of the bankruptcy system.'" *Id.* at 110 n.19 (quoting *In re SGL Carbon Corp.*, 200 F.3d 154, 169 (3d Cir. 1999)).

LTL unsuccessfully sought rehearing en banc and a stay of the mandate pending certiorari. *See In re LTL Mgmt. LLC*, No. 22-2003 (3d Cir. Mar. 22 and 31, 2023), Dkts. 172, 180. It ultimately filed no certiorari petition. On April 4, 2023, the bankruptcy court implemented this Court's mandate by entering final judgment and dismissing LTL's Chapter 11 case. *In re LTL Mgmt. LLC*, No. 21-30589-MBK (Bankr. D.N.J. Apr. 4, 2023), Dkt. 3938.

Two hours later, LTL again filed for bankruptcy. *See In re LTL Mgmt., LLC*, 652 B.R. 433, 439 (Bankr. D.N.J. 2023) ("Dismissal Order"). During that two-hour interlude, and in an attempt to create financial distress where this Court had found none, J&J and LTL agreed to terminate the previous funding agreement that had provided LTL with contractually required access to more than $60 billion in funding from J&J and New Consumer for the resolution of LTL's talc liabilities in or out of bankruptcy. That earlier funding agreement—which this Court likened to "an ATM disguised as a contract"—was the lynchpin for the Court's ruling that

LTL did not face financial distress. *See LTL I*, 64 F.4th at 106-07, 109. Despite the Court's cautionary note about reading its logic "to suggest LTL need only part with its funding backstop to render itself fit for a renewed filing," *id.* at 109 n.18, LTL and J&J agreed to scrap that funding agreement in anticipation of a renewed Chapter 11 filing and replace it with new agreements that gave LTL no funding rights against J&J outside of bankruptcy and limited its funding rights outside of bankruptcy to funding obligations of New Consumer (rechristened "HoldCo").

Motions to dismiss filed on behalf of thousands of talc personal injury claimants successfully challenged LTL's claim that the new funding agreement placed it in financial distress and the good faith of its renewed Chapter 11 filing. On July 28, 2023, the bankruptcy court dismissed LTL's second bankruptcy petition for the same reasons its first one failed: the lack of any "valid bankruptcy purpose" or "of imminent and immediate financial distress." *LTL Mgmt.*, 652 B.R. at 443, 456.

The Dismissal Order is correct. After a four-day evidentiary hearing, the bankruptcy court found the record was "nearly the same" as in *LTL I*, where this Court held that "LTL's ability to fund its liabilities 'exceeded any reasonable projections available on the record.'" *Id.* at 448 (quoting *LTL I*, 64 F.4th at 109). Despite relinquishing its funding rights against J&J outside of bankruptcy, LTL remains highly solvent: it has $14.5 million in cash; ownership of a subsidiary with

a royalty stream worth almost $400 million; and payment rights against a J&J subsidiary (HoldCo) that has $1.3 billion in cash and non-cash assets (equity interests) valued at $29.9 billion or a forced liquidation value of $22.3 billion. *Id.* at 445-46. Further, independent forecasts estimated that HoldCo's equity interests "would translate into billions of dollars of dividends to HoldCo" over the next decade. *Id.* at 446.

On the other side of the ledger, LTL failed to show that the projected costs associated with expected talc liability amounted to financial distress that would justify bankruptcy. As in *LTL I*, LTL had conducted no serious analysis of the claimed future litigation liabilities. "J&J ha[d] no aggregate estimate of talc liability" and the cost projections LTL's expert proffered were "dramatically at odds with the historical run rates as to both trial costs and settlements." *Id.* at 446-47. Even accepting those flawed estimates, the "record demonstrates" that LTL can easily cover its "total estimated worst-case scenario for talc liability" of $11 billion. *Id.* at 447. Accordingly, the court correctly held that LTL still "is not sufficiently financially distressed to avail itself of bankruptcy." *Id.* at 448.

Appellee agrees, however, that this Court should accept direct appeal of the Dismissal Order. That order "involves a matter of public importance." 28 U.S.C. § 158(d)(2)(A)(i). At stake is whether J&J—a financially robust company that is far from financial distress—can manipulate the bankruptcy process to use a

6

Chapter 11 case for a made-for-bankruptcy shell subsidiary to shield J&J from present and future talc personal injury suits. That "new" subsidiary has access to well in excess of $20 billion of assets to resolve its talc liabilities. J&J's plan seeks to force tens of thousands of present talc personal injury claimants who are not represented by AHC members (including claimants on whose behalf motions to dismiss were filed) into a bankruptcy process. It also seeks to compel the same for unknown future talc claimants who do not even get to vote on a plan. J&J's design is to use LTL's Chapter 11 case to compel all present and future talc claimants to submit to a global "settlement" that will insulate J&J from all present and future talc liability, while placing the risk of an inadequately funded plan trust solely on those claimants. *See LTL I*, 64 F.4th at 103 (noting "the possibility of undervaluing future claims (and underfunding assets left to satisfy them)"). A direct appeal of the Dismissal Order also will "materially advance" resolution of this case. 28 U.S.C. § 158(d)(2)(A)(iii).

| | |
|---|---|
| Dated: October 16, 2023 | Respectfully submitted, |
| | */s/ David C. Frederick* |
| Laura Davis Jones | David C. Frederick |
| Isaac M. Pachulski | Gregory G. Rapawy |
| Colin R. Robinson | Ariela M. Migdal |
| Peter J. Keane | Alex P. Treiger |
| PACHULSKI STANG ZIEHL & JONES LLP | KELLOGG, HANSEN, TODD, |
| 919 N. Market Street, 17th Floor |    FIGEL & FREDERICK, P.L.L.C. |
| Wilmington, DE 19801 | 1615 M Street, N.W., Suite 400 |
| Telephone: (302) 652-4100 | Washington, D.C. 20036 |

7

ljones@pszjlaw.com
ipachulski@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com

Telephone: (202) 326-7900
dfrederick@kellogghansen.com
grapawy@kellogghansen.com
amigdal@kellogghansen.com
atreiger@kellogghansen.com

*Counsel for Appellee Arnold & Itkin LLP*

## **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Fed. R. App. P. 5(c)(1), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,396 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

3. In addition, pursuant to 3rd Cir. L.A.R. 31.1(c), the undersigned hereby certifies that the text of the electronic brief filed with the Court is identical to the paper copies, that a virus detection program (CylancePROTECT) has been run on the electronic file, and that no virus was detected.

Dated: October 16, 2023         */s/ David C. Frederick*
                                David C. Frederick

## CERTIFICATE OF FILING AND SERVICE

The undersigned hereby certifies that on October 16, 2023, a copy of the foregoing was served via email and overnight express mail upon the following at the locations set forth below:

| Party | Via |
|---|---|
| United States Bankruptcy Court for the District of New Jersey | The Honorable Michael B. Kaplan<br>United States Bankruptcy Court for the District of New Jersey<br>Courtroom # 8<br>402 East State Street<br>Trenton, NJ 08608 |
| LTL Management LLC | c/o counsel:<br><br>Noel J. Francisco<br>C. Kevin Marshall<br>JONES DAY<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>njfransisco@jonesday.com<br>ckmarshall@jonesday.com<br><br>Gregory M. Gordon<br>JONES DAY<br>2727 North Harwood Street, Suite 500<br>Dallas, TX 75201<br>gmgordon@jonesday.com |
| Ad Hoc Committee of Supporting Counsel | c/o counsel:<br><br>Kristopher M. Hansen<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>krishansen@paulhastings.com |

| Party | Via |
|---|---|
|  | Michael D. Sirota<br>COLE SCHOTZ P.C.<br>Court Plaza North, 25 Main Street<br>Hackensack, NJ 07602<br>msirota@coleschotz.com |
| The United States Trustee for Regions 3 & 9 | United States Department of Justice<br>Office of the United States Trustee<br>Jeffrey M. Sponder, Esq.<br>Lauren Bielskie, Esq.<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Jeffrey.M.Sponder@usdoj.gov<br>Lauren.Bielskie@usdoj.gov<br><br>United States Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>Linda Richenderfer, Esq.<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801<br>linda.richenderfer@usdoj.gov |
| The Official Committee of Talc Claimants | c/o counsel:<br><br>GENOVA BURNS, LLC<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br><br>MASSEY & GAIL LLP<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>Bret R. Vallacher, Esq.<br>1000 Maine Ave. SW, Suite 450 |

| Party | Via |
|---|---|
| | Washington, D.C. 20024<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br><br>BROWN RUDNICK LLP<br>David J. Molton, Esq.<br>Jeffrey L. Jonas, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Seven Times Square<br>New York, NY 10036<br>dmolton@brownrudnick.com<br>jjonas@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br><br>and<br><br>Sunny P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>One Financial Center<br>Boston, MA 02111<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br><br>OTTERBOURG P.C.<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>230 Park Avenue<br>New York, NY 10169<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com |

| Party | Via |
|---|---|
| Talc Claimant Paul Crouch, Individually and as Executor and as Executor Ad Prosequendum of the Estate of Cynthia Lorraine Crouch | c/o counsel:<br><br>LEVY KONIGSBERG, LLP<br>Moshe Maimon, Esq.<br>605 Third Avenue, 33rd FL<br>New York, NY 10158<br>mmaimon@levylaw.com<br><br>and<br><br>THE RUCKDESCHEL LAW FIRM, LLC<br>Jonathan Ruckdeschel<br>8357 Maine Street<br>Ellicot City, MD 21043<br>ruck@rucklawfirm.com |
| Mesothelioma Claimant Giovanni Sosa | c/o counsel:<br><br>COONEY & CONWAY<br>Kathy Byrne, Esq.<br>120 N. LaSalle Street, Suite 300<br>Chicago, IL 60602<br>kbyrne@cooneyconway.com |
| State of New Mexico and Mississippi | c/o counsel:<br><br>GIBBONS P.C.<br>Robert K. Malone, Esq.<br>David N. Crapo, Esq.<br>Kyle P. McEvilly, Esq.<br>One Gateway Center<br>Newark, NJ 07102<br>rmalone@gibbonslaw.com<br>dcrapo@gibbonslaw.com<br>kmcevilly@gibbonslaw.com |

| Party | Via |
|---|---|
| Mesothelioma Claimants Katherine Tollefson, Sandra Weathers, Mary Jackson, Elizabeth Meikle, Marzena Zachara, Robert Radin, and Christine Woodfin | c/o counsel<br><br>MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC<br>Clayton L. Thompson, Esq.<br>150 W. 30th Street, Suite 201<br>New York, NY 10001<br>cthompson@mrhfmlaw.com |
| Mesothelioma Claimant Evan Plotkin | c/o counsel<br><br>DEAN OMAR BRANHAM SHIRLEY, LLP<br>J. Bradley Smith, Esq.<br>302 N. Market Road, Suite 300<br>Dallas, TX 75202<br>bsmith@dobslegal.com |
| Claimants Represented by Barnes Law Group, LLC | c/o counsel:<br><br>McMANIMON, SCOTLAND & BAUMANN, LLC<br>Anthony Sodono, III, Esq.<br>Sari B. Placona, Esq.<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068<br>asodono@msbnj.com<br>splacona@msbnj.com |
| Ad Hoc Committee of States Holding Consumer Protection Claims | c/o counsel:<br><br>WOMBLE BOND DICKENSON (US) LLP<br>Ericka F. Johnson, Esq.<br>Lisa Bittle Tancredi, Esq.<br>1313 N. Market Street, Suite 1200<br>Wilmington, DE 19801<br>ericka.johnson@wbd-us.com<br>lisa.tancredi@wbd-us.com |

Dated:  October 16, 2023        */s/ David C. Frederick*
                                David C. Frederick

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to 3rd Cir. L.A.R. 28.3(d) and 46.1, I, David C. Frederick, hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Dated: October 16, 2023             */s/ David C. Frederick*
                                                      David C. Frederick